David M. Bercovitch, Esq.
Of Counsel
Greenfield Law Group LLC
930 Sylvan Avenue, Suite 110
Englewood Cliff, New Jersey 07632
**Attorneys for Defendant, Kennedy Funding Financial LLC**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VLADIMIR ISPEROV, an individual**<br>Plaintiff,<br><br>v.<br><br>**KENNEDY FUNDING FINANCIAL, LLC**<br>a New Jersey limited liability company<br>Defendant/Third–Party Plaintiff,<br><br>v.<br><br>**BENI ATOORI**<br>Third Party Defendant<br><br>and<br><br>**BNB STUDIOS, LLC**<br>Third Party Defendant | Case No.: 2:20-cv-12531<br><br><br>**DEFENDANT'S FIRST AMENDED<br>ANSWER AND THIRD-PARTY<br>COMPLAINT** |

Defendants, Kennedy Funding Financial, LLC, with its principal place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey, by way of Answer to the Complaint of Plaintiff, Vladimir Isperov hereby states as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs Complaint and therefore denies same except admits that Plaintiff has claimed damages in excess of $75,000.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 Plaintiff's Complaint and therefore denies same.

3. Defendant denies the allegations in Paragraph 3 Plaintiff's Complaint.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5. Defendant denies the allegations of Paragraph 5 of Plaintiffs Complaint except admits that Kennedy Funding Financial, LLC is a limited liability company.

6. Defendant admits the allegations of Paragraph 6 of Plaintiffs Complaint.

7. Defendant admits the allegation of Paragraph 7 of Plaintiffs Complaint.

8. Defendant admits the Paragraph 8 of Plaintiffs Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Plaintiffs Complaint.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs Complaint and therefore denies same.

11. Defendant denies the allegation of Paragraph 11 of Plaintiffs Complaint except admits that the website is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

12. Defendant denies the allegation of Paragraph 12 of Plaintiffs Complaint except admits that the website is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

13. Defendant denies the allegations of Paragraph 13 of Plaintiffs Complaint.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs Complaint and therefore denies same.

15. Defendant denies the allegations of Paragraph 15 of Plaintiffs Complaint except admits that Plaintiff contacted the Defendant in November.

16. Defendant denies the allegations of Paragraph 16 of Plaintiffs Complaint except admits that the Letter of Interest is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

17. Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint except admits that the Letter of Interest is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

18. Defendant denies the allegations of Paragraph 18 of Plaintiff's Complaint except admits that Defendant received $10,000 in December.

19. Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint except admits that the first draft of the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

20. Defendant is without sufficient knowledge or information to form a belief as to the trnth of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22. Defendant denies the allegations of Paragraph 22 of Plaintiff's Complaint except admits that Defendant and Plaintiff discussed the BNB Studios, LLC Loan Commitment prior to its execution.

23. Defendant denies the allegations of Paragraph 23w of Plaintiff's Complaint except admits that Defendant and Plaintiff discussed the BNB Studios, LLC Loan Commitment prior to its execution.

24. Defendant denies the allegations of Paragraph 24 of Plaintiffs Complaint.

25. Defendant denies the allegations of Paragraph 25 of Plaintiffs Complaint except admits that Defendant executed a Loan Commitment dated January 23, 2019 with BNB Studios, LLC.

26 Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint and therefore denies same.

27. Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint except admits that Defendant and Plaintiff discussed the BNB Studios, LLC Loan Commitment prior to its execution.

28. Defendant denies the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs Complaint and therefore denies same.

30. Defendant denies the allegations of Paragraph 30 of Plaintiff's Complaint except admits that Defendant received $20,000 of the BNB Studios, LLC's Loan Commitment Fee on January 24, 2019.

31. Defendant denies the allegations of Paragraph 31 of Plaintiff's Complaint except admits that Defendant received $130,000 of the BNB Studios, LLC's Loan Commitment Fee on January 28, 2019 from Plaintiff.

32. Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint except admits that no refund was made or warranted under the terms of the BNB Studios, LLC's Loan Commitment.

34. Defendant admits the allegations of Paragraph 34 of Plaintiffs Complaint

35. Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint except admits that the Defendant did not advise Plaintiff that the Commitment Fee was refundable under all circumstances if a closing did not occur.

36. Defendant denies the allegations of Paragraph 36 of Plaintiffs Complaint.

37. Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint except admits that at some point in time communications between the Defendant and Plaintiff ceased.

38. Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint except admits that, with the exception of" h.", the Defendant is aware that the lawsuits identified were filed.

39. Defendant denies the allegations of Paragraph 39 of Plaintiff's Complaint

40. Defendant denies the allegations of Paragraph 40 of Plaintiff's Complaint

## FIRST COUNT

41. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

42. Defendant denies the allegation of Paragraph 42 of the First Count of Plaintiff's Complaint.

43. Defendant denies the allegation of Paragraph 43 of the First Count of Plaintiffs Complaint.

44. Defendant denies the allegations of Paragraph 44 of the First Count of Plaintiff's Complaint.

45. Defendant denies the allegations of Paragraph 45 of the First Count of Plaintiff's Complaint.

46. Defendant denies the allegations of Paragraph 46 of the First Count of Plaintiff's Complaint.

47. Defendant denies the allegations of Paragraph 47 of the First Count of Plaintiffs Complaint.

48. Defendant denies the allegations of Paragraph 48 of the First Count of Plaintiffs Complaint.

49. Defendant denies the allegations of Paragraph 49 of the First Count of Plaintiffs Complaint.

50. Defendant denies the allegations of Paragraph 50 of the First Count of Plaintiffs Complaint.

51. Defendant denies the allegations of Paragraph 51 of the First Count of Plaintiffs Complaint.

52. Defendant neither admits nor denies the allegations of Paragraph 52 of the First Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## SECOND COUNT

53. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

54. Defendant denies the allegations of Paragraph 54 of the Second Count of Plaintiffs Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Second Count of Plaintiffs Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Second Count of Plaintiffs Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Second Count of Plaintiffs Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Second Count of Plaintiffs Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Second Count of Plaintiffs Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Second Count of Plaintiffs Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Second Count of Plaintiffs Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Second Count of Plaintiffs Complaint.

63. Defendant neither admits nor denies the allegations of Paragraph 63 of the Second Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## THIRD COUNT

64. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

65. Defendant denies the allegations of Paragraph 65 of the Third Count of Plaintiffs Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Third Count of Plaintiffs Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Third Count of Plaintiffs Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Third Count of Plaintiff's Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Third Count of Plaintiffs Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Third Count of Plaintiffs Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Third Count of Plaintiff's Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Third Count of Plaintiff's Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Third Count of Plaintiffs Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Third Count of Plaintiffs Complaint.

75. Defendant neither admits nor denies the allegations of Paragraph 75 of the Third Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## FOURTH COUNT

76. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

77. Defendant denies the allegations of Paragraph 77 of the Fourth Count of Plaintiffs Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Fourth Count of Plaintiff's Complaint.

79. Defendant denies the allegations of Paragraph 79 of the Fourth Count of Plaintiffs Complaint.

80. Defendant denies the allegations of Paragraph 80 of the Fourth Count of Plaintiffs Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Fourth Count of Plaintiffs Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Fourth Count of Plaintiff s Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Fourth Count of Plaintiffs Complaint.

84. Defendant neither admits nor denies the allegations of Paragraph 84 of the Fourth Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required .

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## FIFTH COUNT

85. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

86. Defendant denies the allegations of Paragraph 86 of the Fifth Count of Plaintiffs Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Fifth Count of Plaintiffs Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Fifth Count of Plaintiffs Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Fifth Count of Plaintiffs Complaint.

90.     Defendant denies the allegations of Paragraph 90 of the Fifth Count of Plaintiffs Complaint.

91.     Defendant denies the allegations of Paragraph 91 of the Fifth Count of Plaintiffs Complaint.

92.     Defendant denies the allegations of Paragraph 92 of the Fifth Count of Plaintiffs Complaint.

93.     Defendant denies the allegations of Paragraph 93 of the Fifth Count of Plaintiffs Complaint.

94.     Defendant denies the allegations of Paragraph 94 of the Fifth Count of Plaintiff's Complaint.

95.     Defendant neither admits nor denies the allegations of Paragraph 95 of the Fifth Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

<u>**SIXTH COUNT**</u>

96.     Defendant admits and denies the allegations of Paragraph **1** through 40 as have been admitted and denied above.

97.     Defendant denies the allegations of Paragraph 97 of the Sixth Count of Plaintiffs Complaint.

98.     Defendant denies the allegations of Paragraph 98 of the Sixth Count of Plaintiffs Complaint.

99. Defendant denies the allegations of Paragraph 99 of the Sixth Count of Plaintiffs Complaint.

100. Defendant denies the allegations of Paragraph 100 of the Sixth Count of Plaintiffs Complaint.

101. Defendant denies the allegations of Paragraph 101 of the Sixth Count of Plaintiffs Complaint.

102. Defendant denies the allegations of Paragraph 102 of the Sixth Count of Plaintiffs Complaint.

103. Defendant neither admits nor denies the allegations of Paragraph 103 of the Sixth Count of Plaintiffs Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

### SEVENTH COUNT

104. Defendant admits and denies the allegations of Paragraph 1 through 40 as have been admitted and denied above.

105. Defendant denies the allegations of Paragraph 105 of the Seventh Count of Plaintiffs Complaint.

106. Defendant denies the allegations of Paragraph 106 of the Seventh Count of Plaintiffs Complaint.

107. Defendant denies the allegations of Paragraph 107 of the Seventh Count of Plaintiffs Complaint.

108. Defendant denies the allegations of Paragraph 108 of the Seventh Count of Plaintiff's Complaint.

109. Defendant denies the allegations of Paragraph 109 of the Seventh Count of Plaintiffs Complaint.

110. Defendant neither admits nor denies the allegations of Paragraph 110 of the Sixth Count of Plaintiff's Complaint since it is a statement for which no admission or denial is required.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint against them, together with costs of suit and such other and further relief as the Court deems appropriate and just.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is brured from a trial by jury demand under the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from a trial by jury demand under theory of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery as a result of his fraudulent concealment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from a recovery under theory of estoppel.

## THIRD PARTY COMPLAINT AGAINST BENI ATOORI

For its Third-Party Complaint against Beni Atoori, Kennedy Funding Financial, LLC avers as follows.

### Nature of the Action

1. Defendant/Third-Party Plaintiff, Kennedy Funding Financial, LLC, brings this action against Defendant Beni Atoori, asserting a claim for breach of contract arising from Mr. Atoor's breach of the Loan Commitment contract with Kennedy Funding Financial, LLC.

### Parties to the Action

2. Third-Party Plaintiff, Kennedy Funding Financial, LLC is a New Jersey limited liability company with a place of business at 930 Sylvan Avenue, Englewood Cliffs, New Jersey.

3. Third-Party Defendant Beni Atoori is a natural person and citizen of the State of California.

4. Third-Party Defendant, BNB Studios, LLC is a California limited liability company with a place of business at 5050 Serrania Avenue, Woodland Hills, CA.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) because complete diversity of jurisdiction among the parties exists and the amount in controversy exceeds $75,000.00.

6.      The Third-Party Complaint arises out of the same transactions and occurrences that are the subject matter of Vladimir Isperov's claims against Kennedy Funding Financial and is therefore a compulsory counterclaim under Fed. R. Civ. P. 12(a).

7.      Venue of this counterclaim is proper in this district under 28 U.S.C. section 1391.

### Factual Background

8.       On or about January 24, 2019 Third-Party Plaintiff entered into a loan commitment agreement with Third-Party Defendants BNB Studios, LLC and Beni Atoori (See attached **Exhibit A**).

9.      Under the terms and conditions of the loan commitment agreement Third-Party Defendant BNB Studios, LLC was the borrower and Third-Party Defendant Beni Atoori was the Guarantor.

10.      The loan commitment agreement provided that upon execution, Kennedy Funding was entitled to a commitment fee in the sum of $790,000 which sum was agreed upon to be earned and non-refundable upon execution of the Loan Commitment.

11.      The loan commitment agreement provided that borrower and guarantor will indemnify and hold harmless Kennedy Funding, in the event a third-party was providing a portion or all of the commitment fee and borrower and guarantor did not disclose the source of said funds.

**Count I - Breach of Contract**

12. Kennedy Funding repeats and realleges the answers and allegations in the preceding paragraphs of this First Amended Answer as though fully set forth herein.

13. In accordance with the terms of the Loan Commitment, and in consideration of Third-Party Defendant agreeing to the choice of forum clause, waiver of trial by jury clause, and limitation of damages clause, among other things, Defendant/Third-Party Plaintiff agreed to accept the following: $150,000 upon signing of the loan commitment; and the balance of $640,000 to be paid upon closing, or the Borrower electing not to proceed to a closing, or upon Borrower's default.

14. After execution of the loan commitment, Third-Party Defendants paid Defendant/Third–Party Plaintiff the sum of $150,000.

15. Per the terms of the Loan Commitment Agreement Defendant/Third-Party Plaintiff extended a loan offer to Third-Party Defendants.

16. On or about February 15, 2019, Third-Party Defendants declined to accept the loan.

17. Based on the foregoing and in accordance with the terms of the loan commitment, the balance of the commitment fee in the sum of $790,000 became due.

18. To date, Third-Party Defendant has failed to pay the balance of the loan commitment fee due in accordance with the terms of the agreement, which sum remains due and owing.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Kennedy Funding Financial demands judgment, jointly and severally, against Third-Party Defendants BNB Studios, LLC and Beni Atoori, in the sum of $790,000, together with costs of suit, attorney's fees and such other and further relief as the Court may deem appropriate and just.

## Count II - Indemnification

19.     Kennedy Funding repeats and realleges the answers and allegations in the preceding paragraphs of this First Amended Answer as though fully set forth herein.

20.     On page 6, under the heading "miscellaneous", Third-Party Defendants BNB Studios, LLC and Beni Atoori agreed to disclose the name and address of any "third party who is providing a portion or all of the commitment fee."

21.     The Third Party is required to sign the loan commitment agreement per said provision.

22.     Pursuant to said term of the Loan Commitment Agreement, Third-Party Defendants BNB Studios, LLC and Beni Atoori agreed to indemnify and hold harmless Defendant/Third-Party Plaintiff Kennedy Funding is said third party disclosure is not made.

23.     Defendants BNB Studios, LLC and Beni Atoori did not comply with this provision of the loan commitment agreement.

**WHEREFORE**, Defendant/Third-Party Plaintiff, Kennedy Funding, prays for relief against Third Party Defendants BNB Studios, LLC and Beni Atoori, for contractual indemnification, to be held harmless, attorney's fees and costs.

**GREENFIELD LAW GROUP, LLC**

Dated: <u>March 26, 2021</u>

By: <u>/s/ *david bercovitch*</u>
David M. Bercovitch, Esq.
Attorneys for Defendant
Kennedy Funding Financial, LLC
Phone: 973-528-5542
Email:dbercovitch@greenfieldlg.co

## **CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversyis not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am ware that if anyof the foregoing statements made by me are willfully false, I am subject to punishment.

**GREENFIELD LAW GROUP, LLC**

Dated: <u>March 26, 2021</u>

By: _/s/ david bercovitch_
David M. Bercovitch, Esq.
Attorneys for Defendant
Kennedy Funding Financial, LLC
<u>Phone</u>: 973-528-5542
<u>Email</u>:dbercovitch@greenfieldlg.co