# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VLADIMIR ISPEROV, an individual**<br>　　　　　　Plaintiff, | Case No.: 2:20-cv-12531 |
| v. | District Judge Madeline Cox Arleo<br>Magistrate Judge Andre M Espinosa |
| **KENNEDY FUNDING FINANCIAL, LLC**<br>a New Jersey limited liability company<br>　　　　　　Defendant. | |
| v. | |
| **BENI ATOORI AND BNB STUDIOS, LLC**<br>　　　　　　Third Party Defendants | |

## NOTICE OF MOTION

TO:　Vladimir Isperov
　　　C/O Gregg Trautman, Esq
　　　64 Diamond Spring Road
　　　Denville, NJ 07834

**PLEASE TAKE NOTICE** that on Monday, May 19th, or as soon thereafter as counsel may be heard, the undersigned attorney for Defendant Kennedy Funding Financial shall move before the United States District Court for the District of New Jersey, located at U.S., Martin Luther King Building, 50 Walnut Street, Newark, NJ 07012, Newark, for an Order granting Motion for a New Trial Pursuant to Fed.R.Civ. P. 59(a).

In support of this Motion, Movant shall rely upon the accompanying Motion, Brief, and any other documents submitted herewith. A proposed form of Order is also submitted for the Court's consideration.

Pursuant to Local Civil Rule 7.1, opposing papers must be filed and served within [14 days] before the return date, or as otherwise directed by the Court.

Oral argument is [~~requested~~/not requested] pursuant to Local Rule 78.1.

                                              **Greenfield Law Group**

<u>Dated</u>: May 2nd, 2025                      <u>*/s/ david m bercovitch*</u>
David M. Bercovitch, Esq.,
Of Counsel.
267 South Dean Street,
Englewood, NJ 07631
(973) 528-5540
dbercovitch@greenfieldlg.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VLADIMIR ISPEROV, an individual<br>Plaintiff,<br><br>v.<br><br>KENNEDY FUNDING FINANCIAL, LLC<br>a New Jersey limited liability company<br>Defendant.<br><br>v.<br><br>BENI ATOORI AND BNB STUDIOS, LLC<br>Third Party Defendants | Case No.: 2:20-cv-12531<br><br>District Judge Madeline Cox Arleo<br>Magistrate Judge Andre M Espinosa |

### DEFENDANT KENNEDY FUNDING FINANICAL, LLC'S RENEWED MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59(a)

Defendant Kennedy Funding Financial, LLC ("Defendant"), by and through its undersigned counsel, respectfully submits this Renewed Motion for New Trial pursuant to Fed. R. Civ. P. 59(a). In support thereof, Defendant states as follows:

### INTRODUCTION

1. In forgoing matter, following a two-day jury trial (excluding jury selection) on January 7 and 8, 2025, the jury rendered a verdict in favor of Plaintiff Vladimir Isperov on the count of conversion and awarded damages in the amount of $90,000.

2. However, the undisputed evidence presented at trial established that the property allegedly converted was $150,000 in United States currency.

3. The jury's failure to award the full value of the converted property is inconsistent with New Jersey law and unsupported by the weight of the evidence.

4. In addition, several trial errors warrant a new trial.

## LEGAL STANDARD

5. Rule 59(a) permits a new trial to be granted where the verdict is against the clear weight of the evidence, results in a miscarriage of justice, or where legal errors occurred during trial. See *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006).

6. The moving party bears the burden of showing that a new trial is warranted. *McKenna v. Pac. Rail Serv.*, 817 F. Supp. 498, 511 (D.N.J. 1993).

## ARGUMENT

**THE JURY'S DAMAGES AWARD ON THE CONVERSION CLAIM IS INCONSISTENT AND UNSUPPORTED BY THE EVIDENCE**

7. The jury found Defendant liable for converting $150,000 but only awarded $90,000. (Trial Transcript, Jan. 8, 2025, at 230).

8. Plaintiff testified that he personally wired $150,000 to Defendant (Trial Tr., Jan. 7, 2025, at 39:15–41:10).

9. Defense witnesses, including Kevin Wolfer, acknowledged the full $150,000 was received from Plaintiff and retained by Defendant. (Trial Tr., Jan. 7, 2025, at 138:6–140:2).

10. Under New Jersey law, damages for conversion must reflect the full market value of the property at the time of the conversion. See *N.J. Model Civil Jury Charges* 8.41; *Kromah v. Kagan*, A-3499-17T4 (App. Div. Mar. 19, 2019).

11. The jury's $90,000 award is therefore legally flawed and against the clear weight of the evidence.

## CONCLUSION

For the foregoing reasons, the verdict should be set aside and a new trial ordered. Defendant respectfully requests:

1. That the Court grant this Renewed Motion for New Trial pursuant to Fed. R. Civ. P. 59(a);

2. That a new trial be ordered on the issues of liability and/or damages;

3. That the Court grant such other and further relief as it deems just and proper.

<u>Dated</u>: May 2nd, 2025               Respectfully submitted,

**Greenfield Law Group**
/s/ David M. Bercovitch
David M. Bercovitch, Esq.
Of Counsel
267 South Dean Street
Englewood, NJ 07631
(973) 528-5540
dbercovitch@greenfieldlg.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VLADIMIR ISPEROV, an individual**<br>          Plaintiff, <br><br> v. <br><br> **KENNEDY FUNDING FINANCIAL, LLC**<br>a New Jersey limited liability company<br>          Defendant. <br><br> v. <br><br> **BENI ATOORI AND BNB STUDIOS, LLC**<br><br>          Third Party Defendants | Case No.: 2:20-cv-12531 <br><br> District Judge Madeline Cox Arleo <br> Magistrate Judge Andre M Espinosa |

## DEFENDANT KENNEDY FUNDING FINANICAL, LLC'S RENEWED MOTION FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. 59(a)

Defendant Kennedy Funding Financial, LLC ("Defendant"), by and through its undersigned counsel, respectfully submits this Renewed Motion for New Trial pursuant to Fed. R. Civ. P. 59(a). In support thereof, Defendant states as follows:

## INTRODUCTION

1. In forgoing matter, following a two-day jury trial (excluding jury selection) on January 7 and 8, 2025, the jury rendered a verdict in favor of Plaintiff Vladimir Isperov on the count of conversion and awarded damages in the amount of $90,000.

2. However, the undisputed evidence presented at trial established that the property allegedly converted was $150,000 in United States currency.

3. The jury's failure to award the full value of the converted property is inconsistent with New Jersey law and unsupported by the weight of the evidence.

4. In addition, several trial errors warrant a new trial.

## LEGAL STANDARD

5.      Rule 59(a) permits a new trial to be granted where the verdict is against the clear weight of the evidence, results in a miscarriage of justice, or where legal errors occurred during trial. See *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006).

6.      The moving party bears the burden of showing that a new trial is warranted. *McKenna v. Pac. Rail Serv.*, 817 F. Supp. 498, 511 (D.N.J. 1993).

## ARGUMENT

**THE JURY'S DAMAGES AWARD ON THE CONVERSION CLAIM IS INCONSISTENT AND UNSUPPORTED BY THE EVIDENCE**

7.      The jury found Defendant liable for converting $150,000 but only awarded $90,000. (Trial Transcript, Jan. 8, 2025, at 230).

8.      However, the amount in controversy was always $150,000.

9.      "Plaintiff Isperov claims that defendant Kennedy Funding wrongfully exercised control over and converted $150,000. Specifically, Isperov claims that despite his demands, Kennedy Funding refused to release the $150,000." (Trial Tr., Jan. 8, 2025, at 188)

10. Further, plaintiff testified that "What is the balance he's speaking of?

> A: The difference between 150,000. So $130,000.
> Q: And that was ultimately you sent that, correct?
> A: That's correct, sir.
> (Trial Tr., Jan. 7, 2025, at 93:18–94:3)

11.     Plaintiff further testified that:

> Q. So your company would have received a commission and you would have gotten your money back, the 150,000?
>
> A. That's correct, sir.
> (Trial Tr., Jan. 7, 2025, at 52:23–25)

12. Yet again on direct plaintiff testified to wiring $150,000:

> Q. And to jump ahead a little bit, ultimately, it was – was it you who sent the $150,000 to Kennedy Funding?
> A. Yes. It was two wires.
> Q. What was the amount of each wire?
> A. 20 and 130,000. 20,000 and 130. Well, the $20,000 was sent by my friend and associate, investor. It's our mutual money, he send it. And the 130,000 went from my account, my --come from myself.
> (Trial Tr., Jan. 7, 2025, at 53:1–8)

13. And again, plaintiff testified about the $150,000 being the amount in controversy:

> Q. Which funds were those?
> A. $150,000.
> (Trial Tr., Jan. 7, 2025, at 56:4–8)

14. And again:

> *But honestly, at that time I was basically -- I mean, I wanted to get my money back because I was not expected to lose $150,000.*
> (Trial Tr., Jan. 7, 2025, at 86:20–22)

15. Defense witnesses, including Kevin Wolfer, acknowledged the full $150,000 was received from Plaintiff and retained by Defendant:

> *When they say they're ready to sign such, they sign the commitment and we sign the loan commitment which required the payment of $150,000, which is not refundable as stated in all three draft loan commitments in multiple places, as well as the signed loan commitment, all of which were sent to Vladimir and to Beni Atoori as well*
> (Trial Tr., Jan. 7, 2025, at 133:6–11)

16. Under New Jersey law, damages for conversion must reflect the full market value of the property at the time of the conversion. See *N.J. Model Civil Jury Charges* 8.41; *Kromah v. Kagan*, A-3499-17T4 (App. Div. Mar. 19, 2019).

17. The jury's $90,000 award is therefore legally flawed and against the clear weight of the evidence.

## CONCLUSION

For the foregoing reasons, the verdict should be set aside and a new trial ordered. Defendant respectfully requests:

1. That the Court grant this Renewed Motion for New Trial pursuant to Fed. R. Civ. P. 59(a);
2. That a new trial be ordered on the issues of liability and/or damages;
3. That the Court grant such other and further relief as it deems just and proper.

Dated: May 2nd, 2025                    Respectfully submitted,

**Greenfield Law Group**
/s/ David M. Bercovitch
David M. Bercovitch, Esq.
Of Counsel
267 South Dean Street
Englewood, NJ 07631
(973) 528-5540
dbercovitch@greenfieldlg.com
Attorneys for Defendant