# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VLADIMIR ISPEROV, an individual**<br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>**KENNEDY FUNDING FINANCIAL, LLC**<br>a New Jersey limited liability company<br>　　　　　Defendant.<br><br>　　　　v.<br><br>**BENI ATOORI AND BNB STUDIOS, LLC**<br>　　　　　Third Party Defendants | Case No.: 2:20-cv-12531<br><br>District Judge Madeline Cox Arleo<br>Magistrate Judge Andre M Espinosa |

**DEFENDANT/THIRD PARTY PLAINTIFF'S BRIEF IN SUPPORT TO THE RENEWED MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59(a)**

**Greenfield Law Group**
David M. Bercovitch, Esq.
Of Counsel
267 South Dean Street
Englewood, NJ 07631
(973) 528-5540
dbercovitch@greenfieldlg.com
Attorneys for Defendant/Third Party Plaintiff

## **TABLE OF CONTENTS**

Preliminary Statement . . . . . . . . 3

Legal Argument . . . . . . . . . 4

Conclusion . . . . . . . . . . 6

## PRELIMINARY STATEMENT

Following a two-day jury trial (excluding jury selection) on January 7 and 8, 2025, the jury rendered a verdict in favor of Plaintiff Vladimir Isperov on the count of conversion and awarded damages in the amount of $90,000. However, the undisputed evidence presented at trial established that the property allegedly converted was $150,000 in United States currency. The jury's failure to award the full value of the converted property is inconsistent with New Jersey law and unsupported by the weight of the evidence. Wherefore, Defendant/Third-Party Plaintiff Kennedy Funding Financial, LLC ("Defendant"), by and through its undersigned counsel, respectfully requests this Honorable grant Defendant's Fed. R. Civ. P. 59(a) Motoin for a New Trial as the jury's decision is against the weight of the evidence.

## LEGAL ARGUMENT

Rule 59(a) permits a new trial to be granted where the verdict is against the clear weight of the evidence, results in a miscarriage of justice, or where legal errors occurred during trial. See *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006). The moving party bears the burden of showing that a new trial is warranted. *McKenna v. Pac. Rail Serv.*, 817 F. Supp. 498, 511 (D.N.J. 1993).

**THE JURY'S DAMAGES AWARD ON THE CONVERSION CLAIM IS INCONSISTENT AND UNSUPPORTED BY THE EVIDENCE**

At the close of trial, the jury found Defendant liable for conversion and awarded Plaintiff $90,000. (Trial Tr., Jan. 8, 2025, at 230). However, the uncontroverted evidence established that the amount at issue was $150,000 in United States currency.

"Plaintiff Isperov claims that defendant Kennedy Funding wrongfully exercised control over and converted $150,000. Specifically, Isperov claims that despite his demands, Kennedy Funding refused to release the $150,000." (Trial Tr., Jan. 8, 2025, at 188) Further, plaintiff testified that "What is the balance he's speaking of?

> A: The difference between 150,000. So $130,000.
> Q: And that was ultimately you sent that, correct?
> A: That's correct, sir.
> (Trial Tr., Jan. 7, 2025, at 93:18–94:3)

Plaintiff further testified that:

> Q. So your company would have received a commission and you would have gotten your money back, the 150,000?
> That's correct, sir.
> (Trial Tr., Jan. 7, 2025, at 52:23–25)

Then, yet again on direct plaintiff testified to wiring $150,000:

> Q. And to jump ahead a little bit, ultimately, it was – was it you who sent the $150,000 to Kennedy Funding?
>
> A. Yes. It was two wires.
>
> Q. What was the amount of each wire?
>
> A. 20 and 130,000. 20,000 and 130. Well, the $20,000 was sent by my friend and associate, investor. It's our mutual money, he send it. And the 130,000 went from my account, my --come from myself.
>
> (Trial Tr., Jan. 7, 2025, at 53:1–8)

And again, plaintiff testified about the $150,000 being the amount in controversy:

> Q. Which funds were those?
>
> A. $150,000.
>
> (Trial Tr., Jan. 7, 2025, at 56:4–8)

And again:

> *But honestly, at that time I was basically -- I mean, I wanted to get my money back because I was not expected to lose $150,000.*
>
> (Trial Tr., Jan. 7, 2025, at 86:20–22)

Defense witnesses, including Kevin Wolfer, acknowledged the full $150,000 was received from Plaintiff and retained by Defendant:

> *When they say they're ready to sign such, they sign the commitment and we sign the loan commitment which required the payment of $150,000, which is not refundable as stated in all three draft loan commitments in*

> *multiple places, as well as the signed loan commitment, all of which were sent to Vladimir and to Beni Atoori as well*
> (Trial Tr., Jan. 7, 2025, at 133:6–11)

Despite these undisputed facts, the jury awarded only $90,000. This partial award is legally flawed under New Jersey law, which requires that damages for conversion reflect the fair market value of the property at the time of conversion. According to the New Jersey Model Civil Jury Charge 8.41, "The measure of damages for conversion is the fair market value of the property at the time and place of the conversion." Likewise, the Appellate Division has held that "damages flowing from a conversion action are measured by "the fair market value of the converted chattel at the time of conversion by the defendant" *Kromah v. Kagan*, A-3499-17T4 at 6 (App. Div. Mar. 19, 2019).

There was no testimony or evidence suggesting that Plaintiff voluntarily relinquished $60,000 or that any portion of the $150,000 should be excluded from the recovery. The jury's $90,000 award, therefore, stands in clear contradiction to both the evidentiary record and the law governing conversion damages. Such a verdict cannot stand. As the Third Circuit has stated, a new trial is appropriate when the verdict is against the clear weight of the evidence or when its inconsistency threatens to result in a miscarriage of justice. *See Roebuck v. Drexel Univ.*, 852 F.2d 715, 735 (3d Cir. 1988). Because the jury found that a conversion occurred but did not award the full amount of the converted property, a new trial is warranted to correct this legal and factual inconsistency.

## CONCLUSION

For the foregoing reasons, the verdict should be set aside and a new trial ordered. Defendant respectfully requests:

1. That the Court grant this Renewed Motion for New Trial pursuant to Fed. R. Civ. P. 59(a);

2. That a new trial be ordered on the issues of liability and/or damages;

3. That the Court grant such other and further relief as it deems just and proper.

<u>Dated</u>: May 2nd, 2025                            Respectfully submitted,

**Greenfield Law Group**
<u>*/s/ David M. Bercovitch*</u>
David M. Bercovitch, Esq.
Of Counsel
267 South Dean Street
Englewood, NJ 07631
(973) 528-5540
dbercovitch@greenfieldlg.com
Attorneys for Defendant