UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

December 19, 2025

VIA ECF
All Counsel of Record

**LETTER ORDER**

Re:   **Vladimir Isperov v. Kennedy Funding Financial, LLC**
      **Civil Action No. 20-12531**

Dear Litigants:

Before the Court is Defendant Kennedy Funding Financial, LLC's ("Kennedy Funding") Renewed Motion for a New Trial. See ECF No. 101 (the "Motion"). The Motion is opposed. See ECF No. 103 ("Opposition"). For the reasons set forth below, the Motion is **DENIED**.

The dispute between the Parties is straightforward. In January 2019, Plaintiff Vladimir Isperov agreed to pay a $150,000 commitment fee for a loan that third-party Ben Atoori was negotiating with Kennedy Funding. Pursuant to the loan agreement between Atoori and Kennedy Funding, the commitment fee was non-refundable. Isperov was not a party to that agreement. In a conversation between Isperov, Atoori, and Kennedy Funding, Isperov claimed that Kennedy Funding verbally agreed to refund the commitment fee if the loan was not finalized. Kennedy Funding countered that it did not reach any such agreement with Isperov. The loan never materialized and Kennedy Funding refused to return Isperov the $150,000. Isperov then initiated this action, seeking to obtain his money under, inter alia, claims for breach of contract, conversion, and unjust enrichment.

In January 2025, following a two-day trial, a jury returned a verdict in favor of Isperov for conversion. However, it only returned a damages award in the amount of $90,000. Kennedy Funding responded by filing a motion for a new trial. The Court rejected Kennedy Funding's initial motion because it was based "entirely on bare assertions unsupported by citations to the record, testimony, or evidence introduced at trial." ECF No. 99, Letter Order at 1.

Kennedy Funding then filed the instant Motion. It argues that damages for conversion "must reflect the full market value of the property" at issue. See Mot. ¶ 10. Here, that is $150,000. See id. ¶¶ 2, 8–9. But despite finding Kennedy Funding liable for conversion, the jury only awarded Isperov $90,000. See id. ¶ 11. The damages verdict "is therefore legally flawed and against the clear weight of the evidence." Id.

Isperov agrees that, based on the undisputed record, the jury should have awarded $150,000. But he argues that the remedy is not to order a new trial. Instead, the Court should increase the damages award to reflect the record. See Opp. at 5–7. The Court construes Isperov's argument as a motion to amend the judgment under Federal Rule of Civil Procedure 59 ("Rule 59").[1]

A court "may . . . grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).[2] The decision to order a new trial is subject to the court's sound discretion. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); see also Montgomery Cnty. v. Microvote Corp., 320 F.3d 440, 445 (3d Cir. 2003) (reviewing denial of a motion for a new trial for abuse of discretion). The burden is on the moving party to show a new trial is warranted. See McKenna v. Pac. Rail Serv., 817 F. Supp. 498, 511 (D.N.J. 1993). A new trial may be justified where "the verdict is inadequate as a matter of law or if the size of the verdict is against the weight of the evidence." Ansbro v. Nat'l R.R. Passenger Corp., No. 90-5042, 1991 WL 258831, at *1 (E.D. Pa. Dec. 3, 1991). However, a new trial on this basis is only proper "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). A court "should proceed cautiously" before granting a new trial on this ground, "because such a ruling would necessarily substitute the court's judgment for that of the jury." Bullen v. Chaffinch, 336 F. Supp. 2d 342, 347 (D. Del.) (citing Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993)).

A court may also alter or amend a judgment. See Fed. R. Civ. P. 59(e). Generally, federal courts are prohibited from employing additur and increasing a jury's damages verdict. See Dimick v. Schiedt, 293 U.S. 474, 486–87 (1935). However, this prohibition does not apply "where the jury has found [] underlying liability and there is no genuine issue at to the correct amount of damages." U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1252–53 (11th Cir. 1997); see also, e.g., Pittington v. Great Smoky Mountain Lumberjack Feud, LLC, 880 F.3d 791, 806 (6th Cir. 2018); Liriano v. Hobart Corp., 170 F.3d 264, 272–73 (2d Cir. 1999); Taylor v. Green, 868 F.2d 162, 165 (5th Cir.1989).

---

[1] A court may construe an argument within briefing as a motion. See, e.g., Santosuosso v. NovaCare Rehab., 462 F. Supp. 2d 590, 593 n.2 (D.N.J. 2006) (construing argument requesting the court reject a claim for punitive damages in a summary judgment brief as a separate motion to strike punitive damages); St. Clair v. Vaughn, No. 84-3599, 1986 WL 5165, at *1 (E.D. Pa. May 2, 1986) (construing arguments in opposition briefs that the court misunderstood or wrongfully dismissed prior claims as a motion for reconsideration). Here, the Court also finds no issue based on timeliness. "Rule 59(e) is a claim-processing rule, not a jurisdictional rule, so objections based on the timeliness requirement of that rule may be forfeited." See Lizardo v. United States, 619 F.3d 273, 276 (3d Cir. 2010). Kennedy Funding could have filed a reply supporting its motion that opposed Isperov's argument for additur but declined to do so. See Civ. L.R. 7.1(d)(3). It therefore forfeited its opportunity to procedurally or substantively object to Isperov's argument.

[2] In an action based on diversity jurisdiction, a motion for a new trial is a procedural matter governed by federal law, not state law. See Olechna v. Dinoia, 45 F. App'x 98, 100 n.3 (3d Cir. 2002); Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 133 (3d Cir. 1965). This is also true for a motion to amend a judgment. See Rush v. Illinois Cent. R. Co., 399 F.3d 705, 727 (6th Cir. 2005).

Here, Kennedy Funding appears to be moving for a new trial on "all" issues. Fed. R. Civ. P. 59(a); Mot. at 4. But Kennedy Funding offers no argument why the jury's verdict on liability should be set aside. Nor could it reasonably do so. The jury's verdict that Kennedy Funding was liable for conversion was based on the testimony of two competing witnesses. One of these witnesses, Isperov, testified under oath that he received a verbal assurance from an associate of Kennedy Funding that the $150,000 commitment fee would be refunded if the loan was not finalized. The other witness, the Kennedy Funding associate, testified under oath that he never provided such an assurance. The jury's determination that Isperov was entitled to this property and that Kennedy Funding was liable for conversion was therefore based on a credibility determination between these two witnesses and who the jury believed was telling the truth. That is not against the weight of the proffered evidence; it is in accord with it.

As it relates to damages, Kennedy Funding specifically argues that a new trial is warranted because the record established that the undisputed amount of property wrongfully converted was $150,000, but the jury only awarded a verdict in the amount of $90,000. Isperov agrees that the amount at issue was $150,000, but counters that the right remedy is to adjust the damages verdict to account for this disparity. The Court agrees with Isperov. The jury found liability for conversion, and both the record and the instant Motion and Opposition make clear that there is "no genuine issue at to the correct amount of damages" generated by that conversion—$150,000. Massey Yardley, 117 F.3d at 1252. "It would be a mere formality to order a partial new trial limited to the issue of damages when the court could immediately thereafter grant summary judgment for the undisputed amount." Taylor, 868 F.2d at 165 (quotation marks omitted). The Court will therefore instead amend the judgment to reflect the correct amount of damages.

Kennedy Funding's Renewed Motion for a New Trial, ECF No. 101, is **DENIED**. Isperov's motion to amend the judgment, ECF No. 103, is **GRANTED**. Pursuant to Rule 59, the Judgment previously entered, ECF No. 94, is amended and judgment is entered for Plaintiff, VLADIMIR ISPEROV, against Defendant, KENNEDY FUNDING FINANCIAL, LLC, in the amount of $150,000, together with pre-judgment interest in the amount of $14,628.92 and costs to be taxed.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**